UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Gary Wayne Presley, #600249, | ) C/A No. 3:12-3511-CMC-JDA |
| Plaintiff, | ) |
| vs. | ) REPORT AND |
| | ) RECOMMENDATION |
| Michael Prodan; W. Allen Myrick; Donald J. Simmons; Alan Wilson; Nikki Haley; Brian Petrano; DeAndrea Benjamin, | ) |
| Defendants. | ) |

Gary Wayne Presley ("Plaintiff"), a *pro se* pretrial detainee proceeding *in forma pauperis*, files this lawsuit against several state officials. He seeks monetary damages for abuse of process, malicious prosecution, false arrest, and false imprisonment, under both 42 U.S.C. § 1983 and South Carolina state law, as well as conspiracy under 42 U.S.C. § 1985. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c)(DSC), this matter is before the assigned United States Magistrate Judge for initial screening. Having reviewed the pleadings in accordance with applicable law, the undersigned concludes that this action should be dismissed for failure to state a claim upon which relief may be granted, as well as seeking monetary relief from defendants who are immune from suit.

## *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Title 28 U.S.C. § 1915A(a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The *in forma pauperis* statute authorizes a district court to dismiss

a case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."[1] 28 U.S.C. § 1915(e)(2)(B)(i-iii). Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) ( per curiam ).  However, even under this less stringent standard, a *pro se* pleading remains subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *Weller v. Dep't of Soc. Serv.*, 901 F.2d 387, 391 (4th Cir.1990).

## BACKGROUND

Plaintiff, an Alabama resident, is a pretrial detainee who files this lawsuit against several South Carolina government officials and employees.  Plaintiff identifies himself as a sovereign citizen, and part of a nationwide assembly of sovereign citizens, which have created their own governing rules that allegedly preclude federal and state governments from exercising authority over them. ECF No. 1-6.[2] Plaintiff "serves as the 'Public Minister of Justice for the Delegates'" of the assembly. *Id*.  A South Carolina resident, who also claimed to be a sovereign citizen, contacted Plaintiff concerning a foreclosure action pending against the South Carolina resident in a South Carolina state court. Subsequently, Plaintiff sent documents to the South Carolina Supreme Court which purported to be

---

[1] Screening pursuant to § 1915A is subject to the same standard.

[2] The background information about Plaintiff and the assembly of sovereign citizens is from a Federal Bureau of Investigation report attached to the complaint. ECF No. 1-6.

documents generated from another court, when in fact the documents were created by Plaintiff and at least one other alleged sovereign citizen. ECF No. 1-9. Plaintiff was charged with violating South Carolina laws by falsely asserting authority of law through "use of a sham legal process," as well as criminal conspiracy. Arrest warrants were issued January 5, 2011 (ECF No. 1-8 and 1-9), and Plaintiff was indicted on March 9, 2011 (ECF No. 1-11). A governor's warrant was issued on March 14, 2011, which resulted in Plaintiff's arrest in Alabama and his extradition to South Carolina. ECF No.1-12. Plaintiff sues the South Carolina Law Enforcement Division (SLED) agent, Defendant Prodan, and state magistrate judge, Defendant Simmons, who signed the arrest warrants. ECF No. 1-8 and 1-9. He also sues the assistant deputy attorney general, Defendant Myrick, who signed the Application for Extradition, ECF No. 1-10, as well as the South Carolina Attorney General, Defendant Wilson, and Governor Nikki Haley. In an amended complaint he adds another judge, Defendant Benjamin, and assistant attorney general, Defendant Petrano, as defendants. ECF No. 9. Plaintiff claims false arrest, malicious prosecution, abuse of process and false imprisonment, for which he seeks monetary damages.

## DISCUSSION

I. Sovereign Citizen

The complaint contains Plaintiff's assertion that he is "a sovereign, a member and an Official of an ecclesiastical assembly of nondenominational Christian men and women, nation wide, under one form of government, protected by the 1st Article in Amendment (1791) to the Constitution of the United States of America (1787)." ECF No.1 at 3; 1-1 at 2; 1-2 at 2. He identifies the State of South Carolina as "a private corporation with a unique D-U-N-S No.06-700-6072 and is so stated in the D-U-N-S report" (ECF No. 1 at 10),

3

as well as stating that "the corporate charter of The STATE of South Carolina" is held in the Office of the Secretary of State of Delaware, "making it a citizen of THE STATE of Delaware." ECF No. 1 at 3. He asserts that the Defendants are "agent/actors of the private corporation The State of South Carolina." ECF No. 1. A challenge to the application of state or federal law to an individual's actions based on alleged sovereign citizenship is not a new concept for federal judges. *See, e.g., Robidoux v O'Brien*, 643 F.3d 334, 339 (1st Cir. 2011)(collecting cases); *see also U.S. v. Brown*, 669 F.3d 10, 19, n.12 (1st Cir. 2012) (Defendant's "belief system appears most akin to the so-called sovereign citizen movement whose proponents believe they are not subject to federal or state statutes or proceedings, reject most forms of taxation as illegitimate, and place special significance in commercial law", citing Wikipedia, http:// en. wikipedia. org/ wiki/ Sovereign_ citizen_ movement (last visited January 13, 2012)); *U.S. v. Ulloa*, 2013 WL 535776, *1, n.1 (2nd Cir. February 14, 2013) (Defendant is " an adherent of the 'sovereign citizens' movement," which is "a loosely affiliated group who believe that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior."); *United States v. Sloan*, 939 F.2d 499, 501 (7th Cir.1991) ("Basic to [Defendant's] 'freedom from income tax theory' is his contention that he is not a citizen of the United States," so he is not subject to the jurisdiction of the laws of the United States," which proposition "is simply wrong."); *United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir.1992) (Defendant claimed to be a citizen of the "Republic of Idaho" and not a U.S. citizen, and therefore outside the jurisdiction of the United States; however, the court found this argument to be "completely without merit" and "patently frivolous" and rejected it

"without expending any more of this Court's resources on discussion."). The basic premise of the various groups often identified as sovereign citizens involves an individual's denouncement of United States citizenship and self-declaration of created citizenship based on various theories. Plaintiff's assertion that the Defendants violated his First Amendment rights by their "failure to recognize my secured and claimed right to freely exercise my religious, ecclesiastical beliefs, and function as an official under our one form of government and to freely assemble and function under that one form of government," in context of his criminal charges, fails to state a claim upon which relief may be granted for violation of his First Amendment rights. *See Deegan v. West Virginia*, 2012 WL 1899668 (S.D.W.Va. April 25, 2012) (No claim based on allegations that defendants denied sovereign citizen's First Amendment constitutional rights by bringing criminal charges and not removing case to "ecclesiastical" court).

II.  Immunity

The majority of defendants in this case are immune from suit. Immunity presents a threshold question, and should be resolved before discovery is even allowed. *Siegert v. Gilley*, 500 U.S. 226, 231, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991). Absolute immunity "is an immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). A district court is required to dismiss a case upon a finding that the action "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(iii); *see also* 28 U.S.C. § 1915A (same standard applicable in case filed by prisoner against government entity or official).

A. Judicial Immunity

Defendants Simmons and Benjamin, who are both judges in the state of South Carolina, have judicial immunity from this suit. It is well settled that judges have absolute immunity from a claim for damages arising out of their judicial actions unless they acted in the complete absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 351–364, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). Whether an act is judicial or nonjudicial relates to the nature of the act, such as whether it is a function normally performed by a judge and whether the parties dealt with the judge in his or her judicial capacity. *Mireles*, 502 U.S. at 12. Immunity applies even when the judge's acts were in error, malicious, or in excess of authority. *Id.* at 12–13. Plaintiff alleges that Judge Donald Simmons placed his initials, rather than his signature, on the Plaintiff's arrest warrants, and the judge "should have inquired as to the probable cause, which Prodan was lacking," thereby violating Plaintiff's secured right under the Fourth Amendment of the U.S. Constitution. ECF No. 1 at 6. Plaintiff challenges actions taken by Judge Simmons in his judicial capacity, and Plaintiff points to judicial acts as the basis for his claim against Judge Simmons. Plaintiff also filed an amended complaint that adds Defendant DeAndrea Benjamin, a judge in the state of South Carolina, to Plaintiff's claim for malicious prosecution.[3] The amended complaint alleges Judge Benjamin attempted "to prosecute" Plaintiff "by usurping jurisdiction that does not exist -

---

[3] Although Plaintiff does not identify Defendant Benjamin as a judge, public records reveal that Judge Benjamin has been a member of the judiciary, first as a municipal judge and then as a circuit judge in the state of South Carolina, since July of 2004. *See* http://www.judicial.state.sc.us/circuitCourt/displaycirjudge.cfm?judgeid=2161 (last visited March 4, 2013).

6

neither in personam, nor subject matter." ECF No. 9 at 1. Plaintiff does not explain what actions he alleges Judge Benjamin took that were outside of her judicial authority but her actions while presiding as a judge in the Court of General Sessions are judicial actions that are immune from suit . *See Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir.1985) (explaining that even if a challenged judicial act was unauthorized by law, the judge still has immunity from a suit seeking damages). Judge Simmons and Judge Benjamin have absolute judicial immunity from this lawsuit and must be dismissed as defendants in this case.

    B. Prosecutorial Immunity

Plaintiff sues Alan Wilson, South Carolina Attorney General, as well as W. Allen Myrick and Brian Petrano, both Assistant Attorney Generals. In South Carolina, the South Carolina Attorney General is the chief prosecuting officer of the State of South Carolina. *See* S.C.Code Ann., S.C. CONST Art. V, § 24 (1995). The South Carolina Attorney General and the South Carolina Assistant Attorney Generals have immunity from personal liability under 42 U.S.C. § 1983 because they are entitled to prosecutorial immunity for activities within the judicial process in criminal cases. *See*, *e.g.*, *Williams v. Condon*, 347 S.C. 227, 553 S.E.2d 496 (S.C.App. 2001). The United States Supreme Court has long held that a prosecutor enjoys absolute immunity when acting as an advocate and when performing "activities ... intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 424–431, 96 S.Ct. 984 (1976) (providing an extensive policy discussion on the need for prosecutors to have absolute rather than qualified immunity); *see also Williams v. Condon*, 347 S.C. at 241 (summary of the Supreme Court's arguments in *Imbler* as applied in state actions). Defendants Wilson,

Myrick and Petrano are entitled to prosecutorial immunity for their actions in legal proceedings to obtain extradition, and pursuit of an indictment, and prosecution of criminal charges, which are all part of the judicial process. *Burns v. Reed*, 500 U.S. 478, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991) (In determining whether prosecutorial immunity is available, courts consider whether the challenged actions of the prosecutor are closely associated with the judicial process.). The United States Supreme Court has held that a prosecutor's conduct in initiating prosecution is protected, as is the conduct within the courtroom wherein the prosecutor acts as an advocate for the State. *Buckley v. Fitzsimmons*, 509 U.S. 259, 272, 113 S.Ct. 2606, 2615, 125 L.Ed.2d 209 (1993). Defendants Wilson, Myrick and Petrano were prosecutors involved in the judicial processes in South Carolina to obtain extradition and indictment, as well as prosecuting the criminal case against Plaintiff. It is well-settled in the Fourth Circuit that prosecutors are absolutely immune from liability for damages based on their decisions about "whether and when to prosecute," *Lyles v. Sparks*, 79 F.3d 372, 377 (4th Cir.1996), and whether or not to go forward with a prosecution, *Springmen v. Williams*, 122 F.3d 211, 212–13 (4th Cir.1997). Defendants Wilson, Myrick and Petrano have absolute prosecutorial immunity from this lawsuit for damages and should be dismissed as defendants in this case.

  C. Eleventh Amendment Immunity for Governor

  Governor Haley is being sued based on her action of signing a governor's warrant, which required the arrest of Plaintiff by appropriate officials in Alabama, and transfer of the custody of Plaintiff to the commissioned officer from South Carolina, to bring him to South Carolina to face criminal charges. In signing the governor's "Acquisition and Commission,"

Defendant Haley acted solely in her official capacity as Governor of South Carolina, therefore Plaintiff's claims against her are barred by the Eleventh Amendment.[4] The Supreme Court held in *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989), that a suit against state officials acting in their official capacities is actually against the office itself and, therefore, against the state. Eleventh Amendment immunity protects state officials sued in their official capacity from liability for monetary damages under 42 U.S.C. § 1983. *Id*.

Eleventh Amendment immunity, however, is not absolute. *See Port Authority Trans–Hudson Corp. v. Feeney*, 495 U.S. 299, 304, 110 S.Ct. 1868, 109 L.Ed.2d 264 (1990). In *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), the Supreme Court recognized a narrow exception for claims brought against individual state officers acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective injunctive relief. *See Verizon Md. Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645, 122 S.Ct. 1753, 152 L.Ed.2d 871 (2002). The Eleventh Amendment "does not permit judgments against state officers declaring that they violated federal law in the past." *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146, 113 S.Ct. 684, 121 L.Ed.2d 605 (1993). Plaintiff is seeking monetary damages against the Governor for her prior official act of signing a governor's warrant, not prospective injunctive relief, so the narrow exception to Eleventh Amendment immunity is not applicable in this case. Governor Haley is entitled to Eleventh Amendment

---

[4] The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. const. amend. XI.

9

immunity and should be dismissed as a defendant to this suit.

III. Failure to State a Claim

Plaintiff files his claims pursuant to 42 U.S.C. §§ 1983 and 1985, as well as "separate and distinct action[s] under South Carolina law."[5] ECF No. 1 at 3. Plaintiff's false arrest, false imprisonment, and malicious prosecution claims are based on Plaintiff's contention that Defendant Prodan lacked probable cause to obtain arrest warrants, and provided perjured testimony to the grand jury which resulted in an indictment against Plaintiff. The allegations against all of the Defendants are primarily based on Plaintiff's argument that because the Defendants knew Plaintiff was not in South Carolina at the time of the alleged crimes, they all knew probable cause to arrest Plaintiff did not exist.

Claims of false arrest, false imprisonment and malicious prosecution "are essentially claims alleging a seizure of the person in violation of the Fourth Amendment." *Rogers v. Pendleton*, 249 F.3d 279, 294 (4th Cir.2001). An essential element of false arrest, false imprisonment, and malicious prosecution is the lack of probable cause to arrest. *Jackson v. City of Abbeville*, 366 S.C. 662,665, 623 S.E.2d 656, 658 (S.C.App. 2005). "The Fourth Amendment is not violated by an arrest based on probable cause." *Graham v. Connor*, 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989).

Plaintiff acknowledges he was indicted by a South Carolina grand jury prior to his arrest in Alabama. A grand jury indictment is sufficient evidence of probable cause, which defeats Plaintiff's claims for false arrest, false imprisonment, and malicious prosecution

---

[5] Although the complaint does not explicitly allege diversity jurisdiction, liberally construed, the facts alleged could be construed to establish diversity jurisdiction to consider Plaintiff's state law claims. *See* 28 U.S.C. § 1332(a).

based on lack of probable cause. *See Ex parte United States*, 287 U.S. 241, 250, 53 S.Ct. 129, 77 L.Ed. 283 (1932) ("It reasonably cannot be doubted that, in the court to which the indictment is returned, the finding of an indictment, fair upon its face, by a properly constituted grand jury, conclusively determines the existence of probable cause for the purpose of holding the accused to answer."); *United States v. Soriano–Jarquin*, 492 F.3d 495, 502 (4th Cir.2007) (noting probable cause may be satisfied by a grand jury indictment); *White v. Coleman*, 277 F.Supp. 292, 297 (D.S.C.1967) ("[W]here the grand jury have returned a true bill upon the charge made, such finding amounts to a judicial recognition that probable cause does exist ... and infers prima facie probable cause for the prosecution." (citation omitted)).

Plaintiff's allegation that Defendant Prodan committed perjury before the grand jury, does not negate the probable cause established by the indictment. *See United States v. Brewer*, 1 F.3d 1430, 1433 (4th Cir.1993) (a police officer's perjury was insufficient to create doubt as to the grand jury's decision to indict); *see also Costello v. United States*, 350 U.S. 359, 363 (1956) (The defendant challenged the government's use of hearsay evidence in grand jury proceeding, and court found defendant may not challenge an indictment on the ground that it was not supported by adequate or competent evidence.). The complaint fails to allege facts that state a claim for violation of Plaintiff's Fourth Amendment rights under § 1983, or violation of state law, based on false arrest, false imprisonment or malicious prosecution from lack of probable cause.

In addition to Plaintiff's failure to state a claim for malicious prosecution based on lack of probable cause, Plaintiff fails to allege that the criminal proceedings terminated in

Plaintiff's favor. To prevail on a Fourth Amendment claim of seizure without probable cause under § 1983, a plaintiff must show that: (1) the defendant initiated or maintained a criminal proceeding; (2) the criminal proceeding terminated in the plaintiff's favor; (3) the proceeding was not supported by probable cause; and (4) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. *See Lambert v. Williams*, 223 F.3d 257, 260–262 (4th Cir.2000) (observing that a "malicious prosecution" claim under § 1983 is properly understood as a Fourth Amendment claim for unreasonable seizure which incorporates the common law malicious prosecution tort elements except for malice); *see also Brooks v. City of Winston–Salem*, 85 F.3d 178, 183–184 (4th Cir.1996). Plaintiff fails to state a claim for malicious prosecution because he has not alleged that the criminal proceedings have ended in his favor. Instead he makes allegations based on the continued prosecution of the criminal case against him, which defeats his claim for malicious prosecution. The complaint fails to state a claim for malicious prosecution on which relief may be granted.

Plaintiff also claims malicious abuse of process, the "gravemen" of which "is not the wrongfulness of the prosecution, but some extortionate perversion of lawfully initiated process to illegitimate ends." *Heck v. Humphrey*, 512 U.S. 477, 486, n.5, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Under South Carolina law, "[t]he essential elements of abuse of process are: (1) an ulterior purpose; and (2) a willful act in the use of the process not proper in the regular conduct of the proceeding." *Johnson v. Painter*, 279 S.C. 390, 307 S.E.2d 860, 860 (1983); *Hainer v. Am. Med. Int'l, Inc.,* 328 S.C. 128, 136, 492 S.E.2d 103, 107 (1997)("There is no liability where the defendant has done nothing more than carry out

12

the process to its authorized conclusion, even though with bad intentions." *Id.*). Usually, the improper purpose is "coercion to obtain a collateral advantage, not properly involved in the proceeding itself, such as the surrender of property or the payment of money, by the use of the process as a threat or club." *Huggins v. Winn-Dixie Greenville, Inc.*, 249 S.C. 206, 209, 153 S.E.2d 693, 694 (1967) (citation omitted). The allegations of the complaint fail to allege any form of coercion or any collateral advantage sought by the Defendants, thereby failing to state a claim for abuse of process.

The complaint also invokes 42 U.S.C. § 1985, which prohibits a conspiracy to interfere with civil rights that have only been held to apply in cases involving members of a protected class, and concerning the alleged denial of equal protection of the laws or equal privileges and immunities under the laws. Plaintiff has failed to indicate the presence of "a specific class-based, invidiously discriminatory animus" on behalf of the Defendants, or a "meeting of the minds" by the Defendants to violate Plaintiff's constitutional rights. *See Simmons v. Poe*, 47 F.3d 1370, 1377 (4th Cir. 1995) (burden has been characterized as weighty). Although Plaintiff alleges the defendants "have communicated and agreed to act in concert with each other," no specific factual allegations explain the alleged conspiracy, other than execution of official duties within the context of state criminal process. ECF No. 1 at 10-11. "Mere conclusory allegation of a conspiracy will not be sufficient to present a claim under § 1985." *Patterson v. Stogner*, 2010 WL 4822830, *2 (D.S.C. November 22, 2010) citing *Simons v. Poe*, 47 F.3d at 1377. The complaint fails to state a claim for conspiracy under 42 U.S.C. § 1985.

## RECOMMENDATION

The complaint fails to state a claim on which relief may be granted, and seeks monetary relief against several defendants who are immune from such relief, so it is recommended that the complaint be dismissed without prejudice and without service of process.

s/Jacquelyn D. Austin  
United States Magistrate Judge

March 11, 2013  
Greenville, South Carolina

**The plaintiff's attention is directed to the notice on the following page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 E. Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).